# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JONATHAN KAPLOWITZ,

        **Plaintiff,**

-vs-                                  **Case No.  6:10-cv-1172-Orl-31GJK**

DOUGLAS H. SHULMAN,
COMMISSIONER OF INTERNAL
REVENUE; WILLIAM J. WILKINS; R. A.
MITCHELL; DEBRA K. HURST; G.
CARPENTER; and NIKKI DAVIDSON,

        **Defendants.**

_____

# ORDER DISMISSING COMPLAINT
## and
# ORDER TO SHOW CAUSE

This matter comes before the Court on the Motion to Dismiss (Doc. 15) filed by the

Defendants and the Objection (Doc. 22) to that motion filed by the Plaintiff, Jonathan Kaplowitz

("Kaplowitz"), which the Court construes as a response.

## I.    Background

The Internal Revenue Service has determined that Kaplowitz owes federal income taxes,

penalties, and interest in varying amounts for the years 1995 through 2001.  In 2004, Kaplowitz

filed suit to challenge that determination.  This Court found that his arguments were frivolous and

his suit was barred by the Anti-Injunction Act.  (Doc. 19 at 2-3 in Case No. 6:04-cv-42-GAP).  In

2004 and 2005, Kaplowitz filed a number of bogus judgments against employees of the IRS and

the United States Tax Court in the public records of Orange County, Florida.  The government

sued to have the bogus judgments nullified.  (Doc. 1 in Case No. 6:05-cv-1212).  Again,

Kaplowitz made a number of arguments, all of them frivolous, and this Court ruled against him.

The Court's decisions were upheld on appeal.  (Doc. 115 in Case No. 6:05-cv-1212).

     As part of its efforts to collect the taxes and penalties Kaplowitz owes, the IRS has filed

notices of federal tax lien in the public records of Orange County and Seminole County.  By way

of the instant suit, Kaplowitz seeks to have the notices removed and to have the IRS enjoined from

further collection efforts against him.  (Doc. 1 at 19).  The Defendants contend that this suit, like

the first suit Kaplowitz filed, is barred by the Anti-Injunction Act, 26 U.S.C. § 7421.  That act

provides, in pertinent part, that "no suit for the purpose of restraining the assessment or collection

of any tax shall be maintained in any court by any person."  26 U.S.C. § 7421(a).  If the Anti-

Injunction Act applies, this Court lacks subject matter jurisdiction over the dispute.  *See Gulden v.

U.S.*, 287 Fed.Appx. 813 (11th Cir. 2008).

     Kaplowitz responds that the Government must file an affidavit of tax liability before the

Anti-Injunction Act can apply to a case, and that it has not done so here.  (Doc. 22 at 5).  This is

incorrect.  Kaplowitz has misread *Commissioner v. Shapiro*, 424 U.S. 614 (1976), which held that

such an affidavit might be required as a consequence of an equitable exception to the Anti-

Injunction Act first announced in *Enoch v. Williams Packing Co.*, 370 U.S. 1 (1962).

     The *Williams Packing* court had held that, despite the Anti-Injunction Act, an injunction

might issue if the taxpayer made two showings: (1) that he or she faced irreparable harm and (2)

that it was "clear that under no circumstances could the government ultimately prevail."  *Id.* at 7.

In *Shapiro*, the taxpayer, who was being extradited to Israel, sought injunctive relief after the IRS

froze  his bank accounts.  *Shapiro* at 619.  He alleged that without the money in those accounts, he

could not make bail, and that he would be unable to pursue a refund suit or Tax Court suit from an

Israeli jail cell.  *Id.* at 620.  After meeting the first requirement of the *Williams Packing* exception,

the taxpayer argued that it was impossible for him to meet the second – *i.e.*, to show that the

government could not ultimately prevail – unless the Government revealed the evidence allegedly

demonstrating that he owed back taxes.[1]  *Id.* at 623.  The *Shapiro* court held that where a taxpayer

had pled facts showing that "his remedy in the Tax Court or in a refund suit is inadequate to repair

any injury that might be caused by an erroneous assessment or collection of an asserted tax

liability," and where the evidence purportedly establishing tax liability was solely in the

government's hands, the government was obligated to produce some evidence that it might

ultimately prevail to avoid application of the *Williams Packing* exception.  *Id.* at 629.

   *Shapiro* has no application to this case, because Kaplowitz has not alleged facts to show

that he may suffer irreparable harm if the government's collection efforts continue.  (Instead, he

simply asserts that he does not owe any money, and that the government should be stopped from

trying to make him pay up.)  As a result, the *Williams Packing* exception cannot apply.  And

because the exception cannot apply, the Anti-Injunction Act *does* apply, no matter what evidence

the Government has or has not produced.  This Court therefore lacks subject matter jurisdiction

over this latest attempt by Kaplowitz to impede the Government's collection efforts.[2]

---

[1]The government had resisted being required to produce any evidence, arguing that it was the taxpayer's burden to establish that the *Williams Packing* exception applied rather than its burden to establish that it did not apply.  *Id.* at 624-25.

[2]This determination makes it unnecessary for the Court to address the Defendant's remaining arguments in favor of dismissal.

However, that is not the end of the matter.  The first time he appeared before this Court, Kaplowitz was advised that his arguments were "of a kind so patently frivolous that, should he persist in advancing them, he faces a substantial risk of incurring sanctions."  (Doc. 19 at 4 in Case No. 6:04-cv-42).  In the instant case, he again attempts to rely on tax protester arguments rejected as frivolous by every court to hear them.  As grounds for the contention that he owes no taxes, Kaplowitz argues that "[t]he sale of a free man's labor to a private party within a union state is not subject to a federal tax".  (Doc. 1 at 3).  It is beyond dispute that wages are income, and subject to the federal income tax.  *See*, *e.g.*, *U.S. v. Morse*, 532 F.3d 1130, 1132-33 (11th Cir. 2008) (stating that argument that defendant's income, which had been derived from employment in private sector, was not subject to federal taxation, was of a type long held to be frivolous, and citing cases).  *See also Barrett v. United States,* 369 Fed.Appx. 65, 66 (11th Cir. 2010) (noting that court had held that individuals who sue for a refund of income taxes and assert "that their wages are not income subject to tax," or "that only public servants are subject to tax liability" are subject to sanctions for advancing frivolous claims," and citing *Motes v. United States*, 785 F.2d 928, 928 (11th Cir. 1986)).

Accordingly, it is hereby

**ORDERED** that the Motion to Dismiss (Doc. 15) is **GRANTED IN PART and DENIED IN PART AS MOOT**, and this case is **DISMISSED** pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.  And it is further

**ORDERED** that the Plaintiff, Jonathan Kaplowitz, shall **SHOW CAUSE** by written response filed on or before October 25, 2010, not to exceed ten pages in length, why sanctions

-4-

should not be imposed for his continuing to advance frivolous arguments.  The government may

file a ten page reply to Kaplowitz's filing on or before November 8, 2010.

       **DONE** and **ORDERED** in Chambers, Orlando, Florida on October 7, 2010.

                                       **GREGORY A. PRESNELL**
                                  **UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of Record
Unrepresented Party

-5-